DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Gregory Brinson, appeals the decision of the Summit County Court of Common Pleas, finding him guilty of having weapons under disability, tampering with evidence and possession of cocaine. We affirm.
 {¶ 2} Defendant was indicted on December 28, 2004, on the following counts: one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a third degree felony; three counts of trafficking in cocaine, in violation of R.C.2925.03(A)(1) and (2), a third degree felony; two counts of having weapons while under disability, in violation of R.C.2923.13(A)(2) and (3), both third degree felonies; one count of possession of cocaine, in violation of R.C. 2925.11, a third degree felony; one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a fifth degree felony; and one count of possession of marijuana, in violation of R.C. 2925.11, a fourth degree misdemeanor. Defendant pled not guilty. Prior to trial, the State dismissed two counts of trafficking in cocaine.
 {¶ 3} A jury trial commenced on May 11, 2005, and the jury returned its verdict on May 17, 2005, finding Defendant guilty of having weapons while under disability, tampering with evidence and possession of cocaine. The jury found Defendant not guilty of trafficking in cocaine, trafficking in marijuana and possession of marijuana. The trial court sentenced Defendant to the following terms of incarceration: one year for each of the three counts of having weapons while under disability, one year for the crime of tampering with evidence, and one year for the crime of possession of cocaine. The trial court ordered Defendant's sentences for the three counts of having weapons while under disability be served consecutively, while the remaining sentences were to be served concurrently. Defendant was sentenced to a total of three years of incarceration.
 {¶ 4} Defendant appealed, asserting two assignments of error for our review. For ease of discussion, we will address both assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court's judgment is against the manifest weight of the evidence and is not supported by the evidence."
 ASSIGNMENT OF ERROR II
"The trial court erred in denying the Criminal Rule 29 Motion for Acquittal."
 {¶ 5} In his first assignment of error, Defendant asserts that the State failed to prove all the elements of the crimes Defendant was charged with because the State failed to prove he knowingly had any drugs or firearms in his possession, and failed to prove that he actually destroyed any evidence. We disagree.
 {¶ 6} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 7} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Id.
 {¶ 8} In November 2004, Akron Police Department ("APD") was conducting an undercover drug investigation at 883 Peckham Road. The primary residents at this address were Ronnell Garrett and Jodie Turner. On December 11, 2004, APD received notice of gunfire at this address, and approximately 15 to 20 officers responded. When the police arrived, they found shell casings outside of the house, which Officer Steven Swartz testified indicated someone had been shooting at the house from the outside with a semi-automatic weapon. Police also noticed bullet damage to the upper half of the house. Police officers secured the first floor apartment and proceeded to the second floor unit, where they knocked repeatedly on the door for several minutes, identifying themselves, and requesting admittance. When nobody responded, police officers forcibly entered the apartment, where they found the Defendant and four other individuals, including Ronnell Garrett and Jodie Turner. The police conducted a search of the apartment and found a .38 caliber Smith Wesson on the living room couch, a .40 caliber Glock partially hidden in an access panel in the wall of the bedroom, and another.40 caliber Glock underneath the bathroom sink. Live ammunition rounds and spent bullet casings were found in various locations on the floor, and boxes of ammunition and gun magazines were also found in the apartment. Defendant and the other men were arrested and taken to the police station. Defendant told police he crawled into the bathroom to hide when shots were fired into the apartment, and he was charged with Having a Weapon Under Disability.
 {¶ 9} On December 22, 2004, APD obtained a search warrant to search for drugs at 883 Peckham Road after police had made several narcotics purchases there. A prearranged SWAT team entry was coordinated with APD's Street Narcotics Uniform Detail (SNUD) team because of the incident on December 11. Prior to the team entering the apartment, police had conducted surveillance and had not seen anyone enter or exit the apartment. During their surveillance, police officers noticed that someone in an upstairs window, later identified as Jodie Turner, had seen them outside of the house. Less than a minute later, the police forcibly entered the apartment and found Defendant lying face down in the bathroom. Defendant was patted down for a weapon, and it was determined he was unarmed. The officer who patted down Defendant in the bathroom testified that he noticed the toilet appeared to have just been flushed moments before, as the water was still circling in the bowl and the tank was refilling. Inside the toilet was a baggie containing crack cocaine, and on top of the sink was a baggie containing crack cocaine. Underneath Defendant was a rock of crack cocaine, and additional amounts of crack cocaine were recovered from the kitchen countertop, along with a razor blade and digital scale. As they searched the apartment, police also found another scale, and a bulletproof vest and Glock semi-automatic 9mm pistol hidden under the couch cushions in the living room. In conducting the search, the police also confiscated approximately 190 grams of marijuana, divided into smaller quantities, hidden in the access panel of the wall where a gun was found in the December 11 search. Two paycheck stubs issued to Defendant were also found in the apartment. Defendant, Jodie Turner and two other individuals were in the apartment when the police entered.
 {¶ 10} Defendant testified at trial and stipulated that he had previously been charged and convicted of a prior drug offense, thus placing him under a disability. He did not dispute that several guns and quantities of cocaine were found during the searches, and admits he was at the apartment on both occasions. He argues that because he did not know there was cocaine in the apartment, and because no evidence was presented to show that he used, acquired, carried or knowingly possessed any of the weapons seized, his convictions should be reversed.
 {¶ 11} R.C. 2925.01(K) defines "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." With respect to the charge of having a weapon under disability, R.C. 2923.13(A) provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance" if that person has been convicted of a drug offense. Finally, R.C. 2921.12(A) states that no person
"knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * *
alter, destroy, conceal or remove any * * * thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
This Court has held in the past that a person can possess drugs and weapons even though the items are not in his immediate physical possession. In State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, this Court stated:
"[A] person may knowingly possess a substance through either actual or constructive possession. A person has constructive possession of a substance when he is able to exercise dominion or control over it. Circumstantial evidence is itself sufficient to establish dominion and control of the substance. Thus, circumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession. Ownership of the controlled substance need not be established, and possession may be individual or joint.
"* * * It is irrelevant that Defendant did not own the apartment, or the car, in which the cocaine was found or that others were in the apartment with him at the time of the raid. It is also irrelevant that he did not admit that the cocaine was his." (Internal citations and quotations omitted.) Id. at 22-23. See, also, State v. Riley, 9th Dist. No. 20618, 2001-Ohio-1785, at 4.
 {¶ 12} Based on the events of December 11 and December 22 at 883 Peckham Road, this Court cannot conclude that Defendant's convictions were against the manifest weight of the evidence. The State presented 14 APD officers as witnesses to the December 11 and December 22 searches. On December 11, Defendant was found in the bathroom of the apartment in close proximity to a .40 caliber Glock hidden under the sink after shots had been fired from both inside and outside the apartment.
 {¶ 13} Defendant argues that there was no evidence that he knew there was any cocaine at the apartment, as well as a lack of evidence that he brought cocaine to the apartment or that he was engaging in the sale of the drug. We disagree. APD found Defendant in the bathroom of the apartment with the toilet in the process of flushing, a bag of cocaine in the toilet and five grams of cocaine on the bathroom sink. Police also found a rock of crack cocaine underneath Defendant's body when they handcuffed him and removed him from the bathroom floor.
 {¶ 14} The witnesses documented the search with photographs, which were admitted into evidence. In executing the search, the police discovered the drugs in a usable form and in reasonably close proximity to Defendant. The police also discovered other indicators of ongoing drug activity, including scales and a razor blade. In addition to the circumstances surrounding the search, the State produced evidence of two pay stubs issued to Defendant which were found in one of the apartment's bedrooms. The jury did not lose its way when it found that Defendant was an occupant of the apartment, or at least more than a transient guest.
 {¶ 15} Based on this evidence, a reasonable finder-of-fact could have found the drugs and the weapons to be within the possession of Defendant, and convicted him accordingly. There is no basis from the evidence presented to conclude that the finder of fact lost its way or created a manifest miscarriage of justice. See Otten, 33 Ohio App.3d at 340. Therefore, we find that the conviction was not against the manifest weight of the evidence.
 {¶ 16} Defendant's second assignment of error contends that because the State did not prove all of the elements of the crimes, the trial court erred in denying his Crim.R. 29 motion. We find this argument to be meritless.
 {¶ 17} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal under Crim.R. 29(A) if, after "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 18} In addressing the manifest weight of the evidence issue, we concluded that Defendant's convictions were not against the manifest weight of the evidence. Based on our previous finding that "a determination that [a] conviction is supported by the weight of the evidence [is] dispositive of the issue of sufficiency," we find that the motion for acquittal based on insufficient evidence is meritless. State v. Roberts, supra, at 4. Accordingly, the second assignment of error is overruled.
 {¶ 19} We overrule Defendant's two assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Carr, J. concur.